JAHALA S. WRIGHT v. A. J. WRIGHT

No. 7120DC64

(Filed 28 April 1971)

**Divorce and Alimony § 22; Evidence § 51; Parent and Child § 1— blood-grouping test — child born before parties separated**

> In the wife's action for alimony without divorce and custody and support of a minor child, the trial court erred in allowing the husband's motion under G.S. 8-50.1 for a blood-grouping test on the question of paternity of a child born almost three years before the parties separated, since the blood-grouping test results cannot be used to establish nonpaternity if there was access, and the results would be superfluous if nonaccess is established.

Judge BROCK dissenting.

APPEAL by plaintiff from *Webb, District Court Judge,* 9 June 1970 Session, UNION County District Court.

Plaintiff instituted this action for alimony without divorce, maintenance for herself, and for custody and support for the minor child of the parties.

Numerous motions have been filed by both parties, but the crux of the plaintiff's appeal to this Court is the District Court Judge's order allowing defendant's motion under G.S.

Wright v. Wright

8-50.1 for a blood-grouping test. The parties were married in 1948 and lived together as man and wife until their separation which occurred on 13 November 1969. The child whose paternity defendant denies was born on 5 December 1966 and was almost three years of age at the time of the separation.

*Clark, Huffman and Griffin, by Robert L. Huffman for plaintiff appellant.*

*Thomas and Harrington by Larry E. Harrington for defendant appellee.*

MORRIS, Judge.

G.S. 8-50.1 has been in its present form since 1965 and the second paragraph thereof reads as follows:

"In the trial of any civil action, the court before whom the matter may be brought, upon motion of either party, shall direct and order that the defendant, the plaintiff, the mother and the child shall submit to a blood grouping test; provided, that the court, in its discretion, may require the person requesting the blood grouping test to pay the cost thereof. The results of such blood grouping tests shall be admitted in evidence when offered by a duly licensed practicing physician or other duly qualified person."

Upon its face this statute seems broad in its application, and is undoubtedly the purported authority under which Judge Webb entered his order requiring plaintiff to present herself and the minor child at the Diagnostic Laboratories and submit to a blood-grouping test. However, in 1968 our Supreme Court held:

"When a child is born in wedlock, the law presumes it to legitimate, and this presumption can be rebutted only by facts and circumstances which show that the husband could not have been the father, as that he was impotent or could not have had access to his wife. [citations]. To render the child of a married woman illegitimate, unless impotency be established, proof of the nonaccess of her husband is required, and neither the wife nor the husband is a competent witness to prove such nonaccess. [citations]. 'The evidence of nonaccess, if there be such, must come from third persons.' [citation]. If there was access, *there is a*

*conclusive presumption* that the child was lawfully begotten in wedlock. [citations]." (Emphasis added). *Eubanks v. Eubanks,* 273 N.C. 189, 159 S.E. 2d 562, (1968).

Under the clear holding of *Eubanks* the results of a blood-grouping test cannot be used to establish nonpaternity if there was access; and if nonaccess is established the results of the blood-grouping test would be superfluous. Therefore, since the results of the blood-grouping test are incompetent or immaterial evidence, the order requiring the test was error.

Reversed.

Judge VAUGHN concurs.

Judge BROCK dissents.

Judge BROCK dissenting.

It seems to me that the decision in *Eubanks v. Eubanks,* 273 N.C. 189, 159 S.E. 2d 562, relied on by the majority, has no direct application to the question raised on this appeal. In *Eubanks* the Supreme Court was considering only the failure of the evidence to show nonaccess. Clearly no question was raised with respect to a motion or an order for a blood-grouping test under G.S. 8-50.1. In my opinion the statute will authorize the ordering of a blood-grouping test in a divorce action, and a showing thereby that the husband is excluded as the father is competent evidence to show nonpaternity. It is my opinion that a showing of the exclusion of the husband as the father by a blood-grouping test constitutes a proper method of showing nonpaternity in addition to impotency and nonaccess discussed in *Eubanks.* See: Annot: Blood Grouping Tests, 46 A.L.R. 2d 1000; Uniform Act on Blood Tests to Determine Paternity, 9 U.L.A. 110-114. For discussion of use and reliability of blood-grouping tests, see *State v. Fowler,* 277 N.C. 305, 177 S.E. 2d 385.

The question of laches on the part of the husband in raising the question of paternity has also been argued in this appeal and it seems to me that it is a question that needs to be explored further. However, since the majority opinion does not allow the blood-grouping test, there is no value in my pursuing the question of laches in this dissent.